09-2606-ag
Diallo v. Holder

BIA
Abrams, IJ
A094 814 889

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of October, two thousand ten.

PRESENT:
> JOSÉ A. CABRANES,
> ROBERT D. SACK,
> DEBRA ANN LIVINGSTON,
> > Circuit Judges.
_____

MOHAMED MOUDJITABA DIALLO,
> Petitioner,

> v.                                        09-2606-ag
>                                           NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> Respondent.
_____

FOR PETITIONER:         Ronald S. Salomon, New York, NY.

FOR RESPONDENT:         Tony West, Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director; Gladys M. Steffens Guzman, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Mohamed Moudjitaba Diallo, a native and citizen of Guinea, seeks review of a May 19, 2009, order of the BIA, affirming the July 27, 2007, decision of Immigration Judge ("IJ") Steven R. Abrams, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mohamed Moudjitaba Diallo*, No. A094 814 889 (B.I.A. May 19, 2009), *aff'g* No. A094 814 889 (Immig. Ct. N.Y. City July 27, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir. 2007); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

Substantial evidence supports the agency's finding that Diallo failed to establish that the persecution he endured

2

was on account of either his political opinion or his ethnicity. In order to demonstrate his eligibility for asylum and withholding of removal, Diallo was required to establish that the persecution suffered or feared bears a nexus to his race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. §1101(a)(42). "To establish persecution 'on account of' political opinion . . ., an asylum applicant must show that the persecution arises from his or her own political opinion," not merely from some "generalized political motive." *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d. Cir 2005).

While Diallo testified that he was a member of the UPR political party and the Fulani ethnic group, the IJ reasonably found that Diallo failed to demonstrate that the police targeted him at the border either because of his political party affiliation or his ethnicity. *See* 8 U.S.C. §1101(a)(42). Diallo claimed that he and his business partner were returning to Guinea from Sierra Leone with $25,000 when the police told him that the money was "too much." Diallo testified that his business partner took his passport along with the money and left, and that when the

3

police asked Diallo to turn over the money, he was arrested, detained, and beaten. The IJ found that Diallo failed to present any evidence that the police targeted him for any reason other than "the fact that he was bringing $25,000 into Guinea and not reporting it or not showing it or giving whatever they're supposed to give." Further, the IJ explained that there is "nothing in the testimony or the background material to indicate that . . . Fulani businessmen are being targeted upon their arrival back into Guinea." Indeed, although Diallo testified that the officers told him that he was being detained because Fula businessmen are destroying the country, when Diallo was asked on cross examination if he was targeted at the border because the police thought he was involved in illegal activities, he testified, "no, they just want to take my money." Furthermore, the background materials Diallo submitted show only general government corruption, discrimination, and imprisonment of party leaders, and address labor and student demonstrations unrelated to his claim. Thus, the agency reasonably found that the context surrounding Diallo's arrest indicated that it was not based on any protected ground. *See Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir. 2006).

4

The IJ also found that the background evidence related only to general conditions in Guinea and failed to establish that Diallo "has been harmed in the past or would be singled out for persecution in the future or that he belongs to a group of persons for which there's a pattern or practice of persecution." *See Vumi v. Gonzales*, 502 F.3d 150, 159 (2d Cir. 2007) (concluding that the agency must examine the political context of an asylum applicant's home country and the extent to which any mistreatment was related to the applicant's opinion or actions in determining whether he was persecuted on account of his political opinion). Thus, substantial evidence supports the agency's conclusion that Diallo failed to demonstrate the requisite nexus to a protected ground. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur,* 494 F.3d at 289. Accordingly, the agency's denial of Diallo's application for asylum was reasonable.

Because substantial evidence supports the agency's finding that Diallo failed to establish a nexus between the persecution he suffered and a protected ground, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal as that claim rested on the same factual predicate. *See* 8 C.F.R. § 1208.16(b)(1)(i)(A); *Paul v. Gonzales*, 444 F.3d 148, 156

5

(2d Cir. 2006).

Finally, as the Government points out, Diallo waived any challenge the agency's denial of his application for CAT relief in his brief to this Court. *See Yueqing Zhang*, 426 F.3d at 541 n.1, 545 n.7 (explaining that this Court will decline to consider issues not sufficiently argued in the briefs).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk